ALB
F.#2014R01226

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 21 2015 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

DAVID M. KOPSTEIN,
also known as "dkopstein102" and "dkopstein516,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

COMPLAINT

M. No. ________________
(18 U.S.C. § 2252(a)(1))

MJ 15- 674

EASTERN DISTRICT OF NEW YORK, SS.:

WILLIAM J. HARNETT, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), duly appointed according to law and acting as such.

On or about May 22, 2013, within the Eastern District of New York and elsewhere, the defendant DAVID M. KOPSTEIN, also known as "dkopstein102" and "dkopstein516," did knowingly and intentionally transport and ship, using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, one or more visual depictions, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct and such visual depictions were of such conduct.

(Title 18, United States Code, Section 2252(a)(1)).

The source of my information and the grounds for my belief are as follows:[1]

1. I have been employed as a Special Agent with the Department of Homeland Security since 2001 and am currently assigned to the Long Island Assistant Special Agent in Charge Office. Since February 2009, I have been assigned to investigate Sexual Exploitation of Children ("SEOC") violations of federal law, including the trafficking of child pornography. I have gained expertise in the conduct of such investigations through daily work related to conducting these types of investigations and the execution of numerous search warrants including those relating to child pornography offenses. In addition, I have consulted with other HSI Agents and law enforcement personnel who have extensive training and experience in child sexual exploitation investigations and computer forensics. I am also a member of the Eastern District of New York Project Safe Childhood Task Force.

2. As part of my responsibilities, I have been involved in the investigation of numerous child pornography cases and have reviewed numerous photographs depicting children (less than eighteen years of age) engaged in sexually explicit activity. Through my experience in these investigations, I have become familiar with methods of determining whether a child is a minor and whether images depict real children (as opposed to morphed or computer generated children) engaged in sexual activity.

---

[1] Because the purpose of this complaint and affidavit are merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

3. I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

**THE PRIOR INVESTIGATIONS OF THE RESIDENCE OF DAVID M. KOPSTEIN**

4. In June 2009, an undercover HSI agent posing as 12 year-old girl engaged in chat conversation with an individual using the screen name "mikehrny," later determined to be Scott Kopstein, the son of defendant DAVID M. KOPSTEIN, using an IP address which was registered to the residence of DAVID M. KOPSTEIN in Frankin Square, New York. During this online chat, Scott Kopstein showed an interest to travel to have sex with the fictitious 12 year-old girl and distributed several images of child pornography to the HSI undercover agent.

5. On September 30, 2009, HSI agents and other law enforcement personnel executed a search warrant issued by the Honorable A. Kathleen Tomlinson at the residence of defendant DAVID M. KOPSTEIN in Frankin Square, New York. Upon arriving at the residence, agents were greeted at the front door by DAVID M. KOPSTEIN and were allowed to enter the residence without incident. At approximately 0720 hours, DAVID M. KOPSTEIN and his wife, Ilene Kopstein were shown a copy of the search warrant. DAVID M. KOPSTEIN immediately became ill and fell to the floor. At approximately 0725 hours, an Emergency Medical Technician from the Nassau County Police Emergency Services responded. DAVID M. KOPSTEIN initially refused to be taken to the hospital, but due to his

medical condition (low blood pressure) he was transported to Franklin Hospital Medical Center, Valley Stream, NY.

6. At approximately 1150 hours, defendant DAVID M. KOPSTEIN returned to the residence after being discharged from the medical center. Shortly thereafter, HSI Special Agents interviewed DAVID M. KOPSTEIN. DAVID M. KOPSTEIN admitted that when HSI Agents arrived in the morning with a search warrant he believed it was because of the images of children he possessed and immediately became ill. Following a waiver of his Miranda rights, DAVID M. KOPSTEIN stated that he and his son, Scott Kopstein, shared a Dell Dimension 4500 desktop computer located in the basement and that Scott was then a junior at SUNY Potsdam and also owned an Apple laptop which he used during the summer on his visits. Approximately 2 or 3 years earlier, DAVID M. KOPSTEIN began to notice files downloaded on the Dell desktop computer containing images of pre-teen and teenage naked girls. DAVID M. KOPSTEIN also discovered files containing movies of men having sexual intercourse with young girls. DAVID M. KOPSTEIN claimed these movies were "disgusting" and wanted Scott Kopstein to delete the images and movies because they were illegal. DAVID M. KOPSTEIN stated that his son Scott lied to him when he confronted him about where he got the images. Scott told DAVID M. KOPSTEIN that the images were attached to games that he stole off the internet. DAVID M. KOPSTEIN stated he deleted the images himself after Scott failed to do so. DAVID M. KOPSTEIN stated in total he discovered 50-100 images of underage girls and a handful of movies containing adult males engaged in sexual intercourse with underage girls on the Dell desktop computer.

7. Defendant DAVID M. KOPSTEIN admitted that he subsequently became interested and curious himself about images of underage girls and discovered websites containing women and young girls. DAVID M. KOPSTEIN paid by credit card to visit these websites. DAVID M. KOPSTEIN stated he downloaded images of underage naked girls on his Apple iMac desktop computer and Apple Power Book G4 laptop, formerly belonging to his older son, Joshua. DAVID M. KOPSTEIN proceeded to print the images of underage naked girls and hide them in the back of his file cabinet. At this time, an HSI agent showed DAVID M. KOPSTEIN the photos which had been located to which KOPSTEIN admitted they were naked images of pre-pubescent girls. DAVID M. KOPSTEIN also admitted to storing the images on multiple flash drives. DAVID M. KOPSTEIN stated he had taught music to children for 38 years and never touched any kid. KOPSTEIN was then retired from teaching music in the Port Washington School District at Salem Elementary.

8. At approximately 1225 hours, Ilene Kopstein advised her husband defendant DAVID M. KOPSTEIN that she had contacted an attorney who stated he did not have to continue the interview. DAVID M. KOPSTEIN stated he understood his rights and wanted to continue the interview. DAVID M. KOPSTEIN stated that he did not remember ever sending images of underage girls. He was too embarrassed. KOPSTEIN went on to say he remembered one time sending an image of an older girl to a friend whom he identified.

9. An HSI agent showed defendant DAVID M. KOPSTEIN copies of the images that were sent to the undercover HSI agent in June 2009 during the Instant Messenger Chat. DAVID M. KOPSTEIN admitted that he recognized one of the images as an image that he told Scott Kopstein to delete from his Dell desktop computer. KOPSTEIN remembered

telling his son Scott Kopstein that it was illegal to keep the image on the computer. During this interview DAVID M. KOPSTEIN admitted to his knowledge of material that appeared to be consistent with child pornography downloaded on computers located at his residence. DAVID M. KOPSTEIN also admitted that he knew it was illegal.

10. A computer forensic review was conducted of the Apple iMac desktop computer and Apple Power Book G4 laptop, as well as thumb drives, seized in the September 2009 search upon which DAVID M. KOPSTEIN had admitted that he used to download and print images of underage naked girls. These items were found to contain mostly child erotica, as well as some images which appeared to depict pre- and post-pubescent female children lasciviously displaying their genitals and pubic areas (i.e., images which are child pornography). Many of these images contained watermarks advertising "Lolita" or "Lolly" websites which based upon my training and experience and conversations with other law enforcement officials experienced in child pornography investigations refers to child pornography depicting female minors. DAVID M. KOPSTEIN was not arrested in 2009.

11. The next day, on October 1, 2009, HSI agents located Scott Kopstein at SUNY Potsdam. During the ensuing interview, Scott Kopstein admitted to using the screen name "mikehrny" and admitted to distributing child pornography. Scott Kopstein also gave agents consent to search his laptop computer. A forensics examination was conducted on Scott Kopstein's laptop and revealed a multitude of child pornography.

12. Scott Kopstein was charged in the Eastern District of New York, Central Islip, with Transportation of Child Pornography (09CR747(JS)) and was convicted at a jury trial on July 13, 2011, at which time he was remanded.[2]

13. While Scott Kopstein was out on bail prior to his incarceration, he was living at the Franklin Square residence with his parents, Illene and defendant DAVID M. KOPSTEIN. As a condition of his release, his internet access was monitored. A home computer at the Franklin Square residence was set up with accounts for Scott Kopstein, his mother and his father, DAVID M. KOPSTEIN, in order to determine who was accessing the Internet at any given time. DAVID M. KOPSTEIN was a surety on the bail package and was aware of this condition.

14. On approximately May 10, 2010, Pretrial Services officers monitoring this computer at the Franklin Square residence learned that the account assigned to defendant DAVID M. KOPSTEIN was accessing a number of "teen modeling" websites. I am aware from my training, experience and conversations with other law enforcement officials experienced with child exploitation investigations, that these "teen modeling" websites, although generally not containing illegal child pornography, show sexualized pictures of teens and preteens (for example, teens wearing lingerie or swimsuits but without any exposure of the genitals or pubic area). A Pretrial Services officer visited one of the websites accessed by DAVID M. KOPSTEIN and viewed a preteen modeling a swimsuit in provocative poses.

---

2 This conviction was later reversed by the Court of Appeals based upon an improper jury instruction. However, Scott Kopstein subsequently pleaded guilty on November 19, 2014 and was sentenced on February 23, 2015 to 5 years' incarceration. He remains incarcerated and has been incarcerated since the jury verdict on July 13, 2011.

The home computer was voluntarily submitted for a search and no images believed to be child pornography were located at that time.

15. On or about July 15, 2010, Pretrial Services officers visited the Franklin Square residence pursuant to the Pretrial monitoring of Scott Kopstein. When they entered the residence a Pretrial Officer observed the defendant DAVID M. KOPSTEIN on a laptop typing "uncle and niese" (niece was misspelled). DAVID M. KOPSTEIN then tried shutting off the computer and pulling the power supply out of the wall when he realized the Pretrial officers were there. This laptop was seized by Pretrial Services, however, no images believed to be child pornography were located on the laptop at that time.

**THE 2013 NCMEC CYBER TIPLINE REPORTS**

16. The National Center for Missing and Exploited Children (NCMEC) was established in 1984 as a private, nonprofit organization. NCMEC provides services nationwide to families and professionals relating to preventing the abducting and sexual exploitation of children. Pursuant to its missions and congressional authorization, NCMEC operates the CyberTipline and the Child Victim Identification Program to provide assistance to law enforcement in its efforts to identify victims of child pornography and child sexual exploitation. NCMEC also works with law enforcement, Electronic Service Providers, electronic payment service providers and others in their efforts to reduce the distribution of child sexual exploitation images and videos on the internet. NCMEC does not investigate and cannot verify the accuracy of information it receives. NCMEC forwards reports of possible child sexual exploitation to law enforcement for its independent review and analysis.

17. On or about May 23, 2013, NCMEC received a CyberTipline Report that

five (5) images of apparent child pornography and/or child erotica had been posted on May 22, 2013 to Picasa, a Google image sharing product, via https://picasaweb.google.com, by a person using E-mail Address dkopstein102@gmail and IP Address 69.116.52.8. These images, which are available for the Court's review, appear to depict child pornography and are described as follows:

a. an image titled, 'Google-CT-RPT-26afb0b72c61c0af70bdd76702345206a.jpg' depicts lascivious exhibition of the pubic area of a pre-pubescent girl;

b. an image titled, 'Google-CT-RPT-54cb793e02ad47d300aa474667374a04.jpg' depicts lascivious exhibition of the pubic area of a pre-pubescent girl;

c. an image titled, 'Google-CT-RPT-896c3292c0da350aac192c5d96036f06.jpg' depicts lascivious exhibition of the pubic area of a pre-pubescent girl;

d. an image titled, 'Google-CT-RPT-b95a5b6d50e75baac6e4032780a5ea1a.jpg' depicts lascivious exhibition of the pubic area of a pre-pubescent girl; and

e. an image titled, 'Google-CT-RPT-fda41ba618941529b99e1be74559cea4.jpg' depicts lascivious exhibition of the pubic area of a pre-pubescent girl.

18. On or about June 18, 2013, NCMEC received a CyberTipline Report that an additional approximately twenty (20) images of apparent child pornography and/or child

erotica had been posted on May 22, 2013 to Picasa, a Google image sharing product, via https://picasaweb.google.com, by a person using E-mail Address dkopstein102@gmail and IP Address 69.116.52.8. Four of these images, which are available for the Court's review, appear to depict child pornography and are described as follows:

a. An image titled "2013-05-22 (10).jpg," which depicts the lascivious exhibition of the genital/pubic area of a pre-pubescent girl;

b. An image titled "2013-05-22 (13).jpg," which depicts the lascivious exhibition of the genital/pubic area of a pre-pubescent girl;

c. An image titled "2013-05-22 (14).jpg," which depicts the lascivious exhibition of the genital/pubic area of a pre-pubescent girl; and

d. An image titled "2013-05-22 (9).jpg," which depicts the lascivious exhibition of the genital/pubic area of a pre-pubescent girl.

19. Information received from Google via an administrative subpoena for the account "dkopstein102@gmail.com" revealed that the subscriber of the account used the name "Dave Kopstein, " date of birth October 12, 1946, and had accessed the account using various login-in IP Addresses, including 69.116.52.8. The billing address provided to Google for this account in Google Wallet was "Dave Kopstein" at the Franklin Square residence address. This account was closed by Google on May 22, 2013, following the discovery of the images described above.

20. Information received via administrative subpoena from CSC Holdings, an Internet Service Provider which does business as Cablevision and Optimum Online, for IP Address 69.116.52.8 at the times of uploads referenced above revealed the subscriber to be

David Kopstein, at the Franklin Square residence address.

## THE 2014 NCMEC CYBER TIPLINE REPORT

21. On or about May 9, 2014, NCMEC received a CyberTipline Report that seven (7) images of apparent child pornography and/or child erotica had been posted on May 8, 2014, 3:20 UTC, to Picasa, a Google image sharing product, via https://picasaweb.google.com, by a person using E-mail Address dkopstein516@gmail and IP Address 69.116.0.228. At least five of these images, which are available for the Court's review, appear to depict child pornography and are described as follows:

a. An image titled "2013-11-12 (2).jpg," which depicts the lascivious exhibition of the genital/pubic area of a post-pubescent girl, approximately 10 to 13 years' old;

b. An image titled "2013-11-12 (3).jpg," which depicts the lascivious exhibition of the genital/pubic area of a post-pubescent girl, approximately 10 to 13 years' old;

c. An image titled "2013-11-12 (4).jpg," which depicts the lascivious exhibition of the genital/pubic area of a post-pubescent girl, approximately 12 to 13 years' old;

d. An image titled "2013-11-12 (5).jpg," which depicts the lascivious exhibition of the genital/pubic area of a post-pubescent girl, approximately 12 to 13 years' old; and

e. An image titled "2013-11-12 (6).jpg," which depicts the lascivious exhibition of the genital/pubic area of a post-pubescent girl, approximately 12 to 13

years' old.

22. Information received from Google via an administrative subpoena for the account "dkopstein516@gmail.com" revealed that the subscriber of the account used the name "David Kopstein," date of birth October 12, 1946, and had opened this account on May 23, 2013, the day after the dkopstein102@gmail.com account had been closed by Google, via IP Address 69.116.52.8. This account was accessed using login-in IP Address 69.116.52.8 on June 18, 2013. This account was closed by Google on May 8, 2014, following the discovery of the images described above.

23. Information received via administrative subpoena from CSC Holdings, an Internet Service Provider which does business as Cablevision and Optimum Online, for IP Address 69.116.0.228 at the times of 2014 uploads referenced above revealed the subscriber to be David Kopstein at the Franklin Square residence address.

**THE SEARCH WARRANT EXECUTION**

24. On July 21, 2015, HSI agents and law enforcement personnel executed a search warrant (15M505) which had been issued by the Honorable Anne Y. Shields, U.S. Magistrate Judge on the Franklin Square residence of the defendant DAVID M. KOPSTEIN. Following a waiver of his Miranda rights, DAVID M. KOPSTEIN stated in sum and substance and in relevant part that he continued looking at child pornography sites a couple of years after his son had been arrested, he didn't know why he started but he knew it was wrong and illegal, he defined child pornography as sexually explicit images of children under 18, he has issues viewing images, he believed his son had been arrested for the transmission of child pornography, he deleted some images of child pornography because he had too many, but he

also saved many images, he doesn't know why he saved some images, he would access a website which he named which contained illegal child pornography which he assumed was wrong and illegal, he doesn't know how he discovered the site, he paid $12 per month for membership on the website which he paid by credit card, he would navigate to the "most viewed" images which contained images of pre-pubescent children up to adult images, he would then drag images of child pornography to his trash on a MacBook Air computer, once in a while he would masturbate to these images of child pornography by accessing the trash, he would hide the images of child pornography on his computer to make it harder for himself to view, he looks at images because the girls are not there and he believes they are not forced to pose, if he had known that "you guys would be back" he wouldn't have been looking at the website, he indicated "I was stupid," he intended to dump everything, including his computer, before his son, Scott Kopstein, was released from prison, and he stated that in 2009 he would have told his son to dump his computer in the river if Scott admitted to him there was embarrassing content on his computer. Defendant DAVID M. KOPSTEIN was shown the five images described above which were uploaded by "dkopstein102" in 2013. Although defendant DAVID M. KOPSTEIN denied using Picasa, he admitted that he had viewed these images, but didn't want to initial the images when asked to do so by investigators because "I do not want to dig my own grave."

25. A preliminary computer forensic examination revealed a number of images of pre-pubescent girls posing nude in provocative poses in the trashbin of the MacBook Air computer.

WHEREFORE, Your affiant respectfully requests that the defendant DAVID M. KOPSTEIN, also known as "dkopstein102" and "dkopstein516," may be dealt with according to law.

William J. Harnett
Special Agent - HSI

Sworn to before me this
21st day July, 2015

/s/ Gary R. Brown

THE HONORABLE GARY R. BROWN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK